UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ELYSE PARMENTIER

                Plaintiff,

          -against-

CITY OF NEW YORK, POLICE OFFICER
AMANDA KENNEDY, DUANE READE INC.,
KEN CASTILLO, AND POLICE OFFICERS
JOHN DOE and RICHARD ROE (names and number
of whom are unknown at present) and other
unidentified members of the New York City
Police Department

              Defendants.
-------------------------------------------------------------X

08 Civ.

**COMPLAINT**

JURY DEMAND

RECEIVED APR 29 2008 U.S.D.C. S.D. N.Y. CASHIERS

## PRELIMINARY STATEMENT

1.     This is an action to recover money damages arising out of defendants' violation of

plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured

by the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the

State of New York. Plaintiff was deprived of her constitutional and common law rights when the

individual defendants while acting in concert unlawfully confined plaintiff, and caused the

unjustifiable arrest and prosecution of plaintiff.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and

Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court

by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional

provisions.

3.    The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4.    Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and © and § 1402 (b) because the claims arose in this district and plaintiff resides in this district.

## PARTIES

5.    Plaintiff Elyse Parmentier is a resident of the County of New York, State of New York. Ms. Parmentier is a citizen of the United States, and is and was at all times relevant herein a resident of the City of New York, State of New York.

6.    New York City Police Officers Amanda Kennedy and police officers John Doe and Richard Roe are and were at all times relevant herein officers, employees and agents of the New York City Police Department. Defendant Ken Castillo is and was at all times relevant and employee and or agent of Duane Reade. The police officer defendants are being sued in their individual and official capacities.

7.    At all times relevant herein, the individual defendants either acting alone or acting in concert or conspiring with each other were acting under color of state law in the course and scope

2

of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

8.    Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department. Defendant Duane Reade is a corporation licensed to do business and is doing business as a drug store in the City of New York.

## STATEMENT OF FACT

9.    Plaintiff, Elyse Parmentier, is a fifty eight year-old resident of the Upper West Side. Plaintiff is employed as a speech pathologist.

10.    Plaintiff has lived in her neighborhood for thirty-three years and she has never been convicted of any crimes.

11.    On April 29, 2007, plaintiff went shopping at her local Duane Reade store as she had done on numerous occasions.

12.    Plaintiff went to the makeup section, and in an attempt to determine what color

3

makeup to purchase, plaintiff removed her own makeup from her bag to compare it to the makeup on the shelf at Duane Reade.

13.    Plaintiff was only able to remain in the store for a short period of time because she had to meet a friend.

14.    Plaintiff placed her own makeup back into her bag and proceeded to the checkout counter to pay for certain items.

15.    Because there was a long line at the counter plaintiff decided to leave and come back after meeting her friend.

16.    She left the items she had intended to purchase.

17.    Approximately two hours later, after meeting her friend, plaintiff returned to Duane Reade to finish her shopping.

18.    Upon entering the store she was confronted by defendant, Ken Castillo, a Duane Reade employee.

19.    Defendant Castillo informed plaintiff that she was being held as a suspected shoplifter.

20.    Defendant Castillo informed plaintiff that she was caught on tape and plaintiff explained to defendant Castillo that she had taken nothing and that any surveillance tape would show that the makeup she placed in her bag was her own.

21.    Defendant Castillo told plaintiff that the police would handle it.

22.    Police officers from the 26th Precinct arrived at Duane Reade and began to question plaintiff.

23.    Plaintiff informed the defendant police officers including defendant Amanda Kennedy

4

that she did not steal anything.

24.    The police officers informed plaintiff that they had reviewed a surveillance tape shown to them by defendant Castillo and it showed her placing an item in her bag.

25.    Plaintiff told the officers that the item she placed in her bag was hers and asked the defendant officers to look at the entire tape.

26.    The defendants refused to view the entire tape which would have shown plaintiff taking her makeup from her bag and later replacing it.

27.    Plaintiff was arrested by defendant officers including defendant police officer Amanda Kennedy.

28.    Plaintiff was transported to the 26th Precinct where she again informed police officers that she had done nothing wrong.

29.    Plaintiff was ignored.

30.    Plaintiff was charged with Petit Larceny and she was held for twenty-four hours before she saw a judge.

31.    On June 25, 2007, the case was dismissed after the Manhattan District Attorney's Office reviewed the Duane Reade surveillance tape and determined that no crime had been committed.

32.    As a direct and proximate result of the acts of defendants, plaintiffs suffered violation of civil rights, embarrassment, humiliation, loss of liberty, loss of income, psychological injury, pain, suffering, emotional distress and mental anguish.

33.    A notice of claim was served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been

neglected and/or refused.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment and

### Fourteenth Amendment Rights

34.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 33 with the same force and effect as if more fully set forth at length herein.

35.    Defendants who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause in violation of plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

### False Arrest

36.    The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 35 with the same force and effect as if more fully set forth at length herein.

37.    The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York. Defendants alone and/or acting in concert and conspiring with each other intended to confine plaintiff and, in fact, confined

plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

38.     Defendant police officers were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

39.     Defendant Castillo was at all times an agent, servant, and employee acting within the scope of his employment by Duane Reade, Inc., which is therefore responsible for his conduct under the theory of respondeat superior.

40.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## THIRD CAUSE OF ACTION

### Malicious Prosecution

41.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 40 with the same force and effect as if more fully set forth at length herein.

42.     The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the United States Constitution. Defendants commenced and continued a criminal proceeding against plaintiff. There was actual malice and an absence of probable cause for the proceeding. In addition, the proceeding terminated favorably to plaintiff.

43.     Defendants were at all times agents, servants, and employees acting within the scope

of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

44.    Defendant Castillo was at all times an agent, servant, and employee acting within the scope of his employment by Duane Reade, Inc., which is therefore responsible for his conduct under the theory of respondeat superior.

45.    Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## FOURTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

46.    The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 45 with the same force and effect as if more fully set forth at length herein.

47.    The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the defendants, individuals who were unfit for the performance of police duties on April 29, 2007, at the aforementioned location.

48.    Duane Reade and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the defendant, Ken Castillo, an individual who was unfit for the performance of his duties on April 29, 2007, at the aforementioned location.

## FIFTH CAUSE OF ACTION

49.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 48 with the same force and effect as if more fully set forth at length herein.

50.     Duane Reade, Inc., its agents, servants and/or employees have a duty to maintain and operate a public establishment wherein individual customers can shop without incident and, as such, train their security employees to use restraint and vigilance when accusing customers of larceny.

51.     Duane Reade, Inc., its agents, servants and/or employees acted with negligence, carelessness and recklessness in wrongfully accusing, detaining and imprisoning plaintiff without probable cause; in failing to properly screen its employees before hiring them; and in failing to properly train its employees.

52.     Duane Reade, Inc., its agents, servants and/or employees acted negligently rather than reasonably as dictated by law.

53.     As a direct result of the above-mentioned negligence of Duane Reade, Inc., its agents, servants, and/or employees, plaintiff sustained the damages and injuries previously described above.

54.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.


## JURY DEMAND

55.     Plaintiff hereby demands trial by jury of all issues properly triable thereby.

9

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff shall recover compensatory damages in the sum of $1,000,000 against the individual defendants, Duane Reade, and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

1.    That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988.

2.    That the plaintiff have such other and further relief as the Court shall deem just and proper.

DATED:       April 28, 2008
             New York, New York

EARL S. WARD, ESQ. (EW 2875)
75 Rockefeller Plaza, 20th Floor
New York, New York 10019
(212) 763-5070