UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ELYSE PARMENTIER,                                   **ANSWER**

                Plaintiff,
                                                   08 CV 4039
    -against-                             (CM) (JCF)

CITY OF NEW YORK, POLICE OFFICER
AMANDA KENNEDY, DUANE READE INC.,          **DEFENDANTS, DUANE**
KEN CASTILLO, AND POLICE OFFICERS          **READE INC. and KEN**
JOHN DOE and RICHARD ROE (names            **CASTILLO DEMAND**
and number of whom are unknown at          **TRIAL BY JURY**
present) and other unidentified
members of the New York City
Police Department,

                Defendants.
------------------------------------X

    Defendants, DUANE READE INC. and KEN CASTILLO, by their attorneys, CHESNEY & MURPHY, LLP, answers the Complaint of the plaintiff upon information and belief as follows:

### AS TO THE PRELIMINARY STATEMENT

    1.  Denies each and every allegation contained in the paragraph of the Complaint designated as "1".

### AS TO JURISDICTION

    2.  Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated as "2" and "3" and refers all questions of law and fact to this Honorable Court.

### AS TO VENUE

    3.  Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph

of the Complaint designated as "4" and refers all questions of law and fact to this Honorable Court.

## AS TO THE PARTIES

4. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated as "5" and "6".

5. Denies each and every allegation contained in the paragraph of the Complaint designated as "7" with respect to these answering defendants and refers all questions of law and fact to this Honorable Court.

6. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated as "8" and refers all questions of law and fact to this Honorable Court.

## AS TO THE STATEMENT OF FACTS

7. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated as "9", "10", "11", "12", "13", "14", "15", "16", "17" and "22".

8. Denies each and every allegation contained in the paragraph of the Complaint designated as "18" and refers all questions of law and fact to this Honorable Court.

9. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated as "19", "20", "21", "23", "24", "25",

"26", "27", "28", "29", "30", "31" and "33" and refers all questions of law and fact to this Honorable Court.

10. Denies each and every allegation contained in the paragraph of the Complaint designated as "32".

### AS TO THE FIRST CAUSE OF ACTION
### VIOLATION OF PLAINTIFF'S FOURTH
### AMENDMENT AND FOURTEENTH AMENDMENT RIGHTS

11. Repeats and reiterates each and every denial contained in the paragraphs of this Answer and numbered "1" through "10" to each and every allegation contained in the paragraph of the Complaint designated as "34".

12. Denies each and every allegation contained in the paragraph of the Complaint designated as "35" with respect to these answering defendants and refers all questions of law and fact to this Honorable Court.

### AS TO THE SECOND CAUSE OF ACTION
### FALSE ARREST

13. Repeats and reiterates each and every denial contained in the paragraphs of this Answer and numbered "1" through "12" to each and every allegation contained in the paragraph of the Complaint designated as "36".

14. Denies each and every allegation contained in the paragraph of the Complaint designated as "37" with respect to these answering defendants and refers all questions of law and fact to this Honorable Court.

15. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs

of the Complaint designated as "38" and "40" and refers all questions of law and fact to this Honorable Court.

16. Denies each and every allegation contained in the paragraph of the Complaint designated as "39" except admits that defendant, Castillo was at all times an employee of Duane Reade and refers all questions of law and fact to this Honorable Court.

### AS TO THE THIRD CAUSE OF ACTION
### MALICIOUS PROSECUTION

17. Repeats and reiterates each and every denial contained in the paragraphs of this Answer and numbered "1" through "16" to each and every allegation contained in the paragraph of the Complaint designated as "41".

18. Denies each and every allegation contained in the paragraphs of the Complaint designated as "42" and "43" with respect to these answering defendants and refers all questions of law and fact to this Honorable Court.

19. Denies each and every allegation contained in the paragraph of the Complaint designated as "44" except admits that defendant, Castillo was at all times an employee of Duane Reade and refers all questions of law and fact to this Honorable Court.

20. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated as "45" and refers all questions of law and fact to this Honorable Court.

## AS TO THE FOURTH CAUSE OF ACTION
## NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION

21. Repeats and reiterates each and every denial contained in the paragraphs of this Answer and numbered "1" through "20" to each and every allegation contained in the paragraph of the Complaint designated as "46".

22. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated as "47".

23. Denies each and every allegation contained in the paragraph of the Complaint designated as "48".

## AS TO THE FIFTH CAUSE OF ACTION

24. Repeats and reiterates each and every denial contained in the paragraphs of this Answer and numbered "1" through "23" to each and every allegation contained in the paragraph of the Complaint designated as "49".

25. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint designated as "50" and "54 and refers all questions of law and fact to this Honorable Court.

26. Denies each and every allegation contained in the paragraphs of the Complaint designated as "51", "52", "53".

## AS TO JURY DEMAND

27. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated as "55".

### AS AND FOR A FIRST, SEPARATE, DISTINCT AND COMPLETE AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

That the negligence, fault and culpable conduct of the plaintiff herein caused the incident in which the plaintiff was allegedly injured and/or the alleged injuries, if any, resulting therefrom.

### AS AND FOR A SECOND, SEPARATE, DISTINCT AND COMPLETE AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

That the plaintiff has failed to mitigate and/or reduce her damages and losses, if any, as alleged in the Complaint.

### AS AND FOR A THIRD, SEPARATE, DISTINCT AND COMPLETE AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

That the parties are entitled to the protection of Article 50B.

### AS AND FOR A FOURTH, SEPARATE, DISTINCT AND COMPLETE AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

That any damages awarded to plaintiff must be reduced by the amount of any collateral source including, but not limited to, insurance, social security, workers' compensation or employee benefit programs, that the Court finds was, or will be with reasonable certainty, replaced or indemnified.

### AS AND FOR A FIFTH, SEPARATE, DISTINCT AND COMPLETE AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

That the Complaint herein fails to state a cause of action against the defendants.

**AS AND FOR A SIXTH, SEPARATE, DISTINCT
AND COMPLETE AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANTS ALLEGE:**

That in the event the plaintiff recovers any judgment against these defendants, then these defendants demand that any such judgment be diminished in accordance with Article 16 of the CPLR and more particularly, Section 1601 thereof; and also if there is any such judgment that it be limited to these answering defendants' equitable share of any total liability.

**AS AND FOR A SEVENTH, SEPARATE, DISTINCT
AND COMPLETE AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANTS ALLEGE:**

That the plaintiff on the date and time of the accident in question assumed the risk for the conduct in which she was engaged.

**AS AND FOR A EIGHTH, SEPARATE, DISTINCT
AND COMPLETE AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANTS ALLEGE:**

That the Complaint is wholly without merit and its initiation is deemed frivolous conduct by these answering defendants.

**AS AND FOR A NINTH, SEPARATE, DISTINCT
AND COMPLETE AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANTS ALLEGE:**

That, upon information and belief, if the defendants, in fact, detained the plaintiff as alleged in the complaint, that the defendants detained the plaintiff under "reasonable grounds" and that the person was detained in a reasonable manner and for not more than a reasonable time to permit such investigation or questioning. With respect to any cause of action set forth in plaintiff's complaint based upon a claim of false arrest, false

imprisonment, unlawful detention, defamation, assault, trespass, or invasion of civil rights, defendants, plead each and every defense as applicable, as set forth in the General Business Law of the State of New York, and in particular, Section 218.

### AS AND FOR A TENTH, SEPARATE, DISTINCT AND COMPLETE AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

That if at the time and place alleged in the plaintiff's Complaint, there was any assault on the plaintiff by the answering defendants' agents, servants and/or employees, and if it should be determined at the time of trial that such assault was performed against the will of the plaintiff, then such assault was justified and/or provoked by the acts and conduct of the plaintiff and/or by the circumstances then and there prevailing.

### AS AND FOR A ELEVENTH, SEPARATE, DISTINCT AND COMPLETE AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

That this action should be dismissed since all necessary and indispensable parties have not been joined in this action.

### AS AND FOR A TWELFTH, SEPARATE, DISTINCT AND COMPLETE AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

The plaintiff has failed to properly state a claim for punitive damages.

### AS AND FOR A THIRTEENTH, SEPARATE, DISTINCT AND COMPLETE AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

That plaintiff's claim for punitive damages is violative of the US Constitution.

**AS AND FOR A CROSS-CLAIM AGAINST THE
CO-DEFENDANTS, CITY OF NEW YORK,
POLICE OFFICER AMANDA KENNEDY, AND
POLICE OFFICERS JOHN DOE AND RICHARD ROE,
AND OTHER UNIDENTIFIED MEMBERS OF THE NEW
YORK CITY POLICE DEPARTMENT
THE ANSWERING DEFENDANT ALLEGES:**

That if the plaintiff sustained the injuries and damages in the manner and at the time and place set forth in the Complaint, then said damages were sustained in whole or in part by reason of the negligence and/or breach of warranty and/or contract and/or by failing to procure contracted for insurance by the aforesaid co-defendants, and these answering defendants are entitled to contribution, apportionment and indemnification from and against the said co-defendants for all or part of any verdict or judgment that plaintiff may recover against these answering defendants, including costs for defending plaintiff's action.

WHEREFORE, these answering defendants demand judgment dismissing the Complaint of the plaintiff herein, and demands judgment over and against the co-defendants, CITY OF NEW YORK, POLICE OFFICER AMANDA KENNEDY, AND POLICE OFFICERS JOHN DOE AND RICHARD ROE AND OTHER UNIDENTIFIED MEMBERS OF THE NEW YORK CITY POLICE DEPARTMENT, for the full or partial amount of any judgment or recovery the plaintiff may obtain against these answering

defendants, together with the costs and disbursements of this action.

                                                                           *[signature]*

                                        JOHN F. JANOWSKI (8656)  
                                        CHESNEY & MURPHY, LLP  
                                        Attorneys for Defendants  
                                        DUANE READE INC. and KEN CASTILLO  
                                        2305 Grand Avenue  
                                        Baldwin, New York  11510  
                                        (516) 378-1700

TO:   EDWARD S. WARD, ESQ. (2875)  
      Attorney for Plaintiff  
      Office & P.O. Address  
      75 Rockefeller Plaza, 20th Floor  
      New York, New York 10019  
      (212) 763-5070

      MICHAEL A. CARDOZO, ESQ.  
      CORPORATION COUNSEL  
      CITY OF NEW YORK  
      100 Church Street  
      New York, New York 10007  
      (212) 788-1277

DRZ 407\JFJ-ct