UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

ELYSE PARMENTIER,

                                                    Plaintiff,

                    -against-

CITY OF NY, POLICE OFFICER. AMANDA
KENNEDY, DUANE READE, INC., KEN CASTILLO
AND POLICE OFFICER JOHN DOE AND RICHARD
ROE (NAMES AND NUMBERS OF WHOM ARE
UNKNOWN AT PRESENT) AND OTHER
UNIDENTIFIED MEMBERS OF THE NEW YORK
CITY POLICE DEPARTMENT,

                                                    Defendants.

-------------------------------------------------------------------X

**ANSWER BY DEFENDANTS
CITY OF NEW YORK &
KENNEDY**

**08 CV 4039 (CM)**

**Jury Trial Demanded**

Defendants City of New York and Amanda Kennedy,[1] by their attorney Michael
A. Cardozo, Corporation Counsel of the City of New York, as for an answer to the complaint,
respectfully allege, upon information and belief, as follows:

1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that
plaintiff purports to proceed as stated therein.

2.    Deny the allegations set forth in paragraph "2" of the complaint, except admit that
plaintiff purports to invoke the Court's jurisdiction as stated therein.

3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit that
plaintiff purports to invoke the Court's jurisdiction as stated therein.

---

[1] Sued herein as "P.O. Amanda Kennedy."

4.  Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6.  Deny the allegations set forth in paragraph "6" of the complaint, except admit that Amanda Kennedy is employed by the City of New York within the police department, deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Ken Castillo and "Police Officers John Doe and Richard Roe", and admit that plaintiff purports to proceed as stated therein.

7.  Deny the allegations set forth in paragraph "7" of the complaint.

8.  Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York is a municipal corporation and respectfully refer the Court to the New York State Charter and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Duane Reade.

9.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.     Deny the allegations set forth in paragraph "16" of the complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22.     Deny the allegations set forth in paragraph "22" of the complaint, except admit that police officers responded to Duane Reade on April 29, 2007.

23.     Deny the allegations set forth in paragraph "23" of the complaint.

24.     Deny the allegations set forth in paragraph "24" of the complaint except admit that on April 29, 2007, police officers viewed the store security tape.

25.     Deny the allegations set forth in paragraph "25" of the complaint.

26.    Deny the allegations set forth in paragraph "26" of the complaint.

27.    Deny the allegations set forth in paragraph "27" of the complaint except admit that plaintiff was arrested on April 29, 2007.

28.    Deny the allegations set forth in paragraph "28" of the complaint, except admit that plaintiff was transported to the 26th Precinct on April 29, 2007.

29.    Deny the allegations set forth in paragraph "29" of the complaint.

30.    Deny the allegations set forth in paragraph "30" of the complaint.

31.    Deny the allegations set forth in paragraph "31" of the complaint.

32.    Deny the allegations set forth in paragraph "32" of the complaint.

33.    Deny the allegations set forth in paragraph "33" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office and that no payment has been made by the City of New York.

34.    In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

35.    Deny the allegations set forth in paragraph "35" of the complaint.

36.    In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

37.    Deny the allegations set forth in paragraph "37" of the complaint.

38.    Defendants state that paragraph "38" of the complaint sets forth conclusions of law and not averments of fact, and thus no response is required.

39.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40.    Deny the allegations set forth in paragraph "40" of the complaint.

41.    In response to the allegations set forth in paragraph "41" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

42.    Deny the allegations set forth in paragraph "42" of the complaint.

43.    Defendants state that paragraph "43" of the complaint sets forth conclusions of law and not averments of fact, and thus no response is required.

44.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45.    Deny the allegations set forth in paragraph "45" of the complaint.

46.    In response to the allegations set forth in paragraph "46" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

47.    Deny the allegations set forth in paragraph "47" of the complaint.

48.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49.    In response to the allegations set forth in paragraph "49" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

50.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint.

51.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the complaint.

53.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint.

54.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint.

55.  Defendants state that the statements set forth in paragraph "55" of the complaint are not averments to which a response is required.


## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

56.  The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

57.  Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

58.  Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

59.    At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

60.    Plaintiff may not have satisfied all the conditions precedent to suit.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

61.    There was probable cause for plaintiff's arrest, detention and prosecution.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

62.    Punitive damages cannot be assessed against the City of New York.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

63.    Defendant Amanda Kennedy has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is entitled to qualified immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

64.    Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), 50(h) and 50(i).

WHEREFORE, defendants City and Kennedy request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       August 1, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the
   City of New York
*Attorney for Defendants City of New York,*
   *& PO Amanda Kennedy*
100 Church Street, Rm. 3-148
New York, New York 10007
(212) 788-1277

By: _____

JOYCE CAMPBELL PRIVETERRE (JCP 1846)
Assistant Corporation Counsel

**To:**

Earl S. Ward, Esq.
75 Rockefeller Plaza, 20th Floor
New York, NY 10019
Tel: (212) 763-5070
Fax: (212) 763-5001

John F. Janowski, Esq.
Chesney, Murphy & Moran
Attorneys for Defendants Duane Reade & Castillo
2305 Grand Avenue
Baldwin, NY 11510
Tel: (516) 378-1700
Fax: (516) 378-7633

08 CV 4039 (CM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELYSE PARMENTIER,

                                    Plaintiff,

                    -against-

CITY OF NY, P.O. AMANDA KENNEDY, DUANE
READE, INC., KEN CASTILLO,

                                    Defendants.

## ANSWER BY DEFENDANTS CITY & KENNEDY

### MICHAEL A. CARDOZO

*Corporation Counsel of the City of New York*
*Attorney for the City of New York & Kennedy*
*100 Church Street, Room 3-148*
*New York, N.Y. 10007*

*Of Counsel:* Joyce Campbell Privéterre
*Tel: (212) 788-1277*
*NYCLIS No.*

Due and timely service is hereby Admitted.
New York, N.Y.
                    Joyce Campbell Privéterre , Esq.
Attorney for Defendants City & Kennedy